## YALE REALTY COMPANY v. FRANK P. OLNEY.[1]

June 3, 1910.

Nos. 16,547—(116).

**Action for rent — evidence.**

　　In an action for rent, where the pleadings show a claim by the lessor of the right to retake possession of the leased premises, because of default by the lessee, without the re-entry working a forfeiture of the rent reserved, a prima facie case in favor of the lessor is not made by the introduction in evidence of the lease, without further testimony.

Action in the municipal court of Minneapolis to recover $284 for unpaid rent under a written lease. The substance of the plead-

[1]Reported in 126 N. W. 625.

ings is stated in the opinion. At the trial defendant objected to the introduction of evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the objection was overruled. At the close of plaintiff's testimony defendant's motion to dismiss was denied. The case was tried before Charles L. Smith, J., who directed a verdict in favor of plaintiff for $140. Defendant's motion for judgment notwithstanding the verdict was denied. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*Harry S. Swensen,* for appellant.

*C. E. Blackman* and *Frank P. Olney,* for respondent.

O'BRIEN, J.

Plaintiff leased certain premises to defendant for one year from September 1, 1908, for a rental of $600, payable "in equal monthly payments in advance, to wit, the sum of fifty and no/$_{100}$ ($50.00) dollars on or before the 10th day of every month." The lease gave the lessor the right of re-entry for nonpayment of rent without a forfeiture of the rents reserved, and provided further: "It is stipulated by and between the parties hereto that said first party shall give and rebate unto said second party the sum of five and no/$_{100}$ dollars ($5.00) on each month's rent paid on or before the tenth day of the month in which it becomes due."

The complaint alleged the lease, and "that no part of said rent has been paid, except the sum of forty-five dollars on August 15, 1908, and forty-five dollars ($45.00) on October 24, 1908, and ten dollars ($10.00) allowed as discounts for paying said forty-five dollars before the 10th day of the month," and also certain amounts received from subletting the premises. The answer admitted the lease, alleged misrepresentations by plaintiff in procuring it, and alleged the payment and acceptance of the rent for September and October, and, further, that before any default occurred in the payment of the rent plaintiff wrongfully evicted defendant and relet the premises. The reply alleged plaintiff took possession pursuant to the terms of the lease after default in payment of rent.

Upon the trial plaintiff put in evidence the lease, no further evi-

dence was offered by either party, and the court directed a verdict for plaintiff for the rent reserved from November 1, 1908, to April 1, 1909, less the amounts credited thereon in the complaint. Subsequently the court, on an alternative motion, denied defendant judgment, but directed a new trial.

Plaintiff contends that when the lease was received in evidence it had made out a prima facie case, that payment of the rent as well as the other allegations of the answer constituted affirmative defenses, which it was not required to negative, and that, having proven the lease, the defendant, if he wished to prevent a verdict against him, was required to establish his defense by proper testimony. The correctness of this position depends upon the issues framed by the pleadings.

Fairly construed, the complaint admits the payments of the September and October rent. Therefore under no construction of the lease could default have occurred prior to November 10. The credits allowed in the complaint for amounts received by plaintiff from other tenants show the lessor to have been in possession of the premises during the time for which the rent is claimed. The answer alleged the wrongful eviction of defendant before default, and the reply admitted the plaintiff took possession, but alleged that it did so only after default and in accordance with the terms of the lease, but the exact date of the re-entry was not stated. When the pleadings were closed, the plaintiff was not in the position of his landlord who, having yielded possession of his property, is prima facie entitled to the rent reserved; but its claim was that, because of a definite default upon the defendant's part, it lawfully resumed possession and was still entitled to the rent. Under that issue it was incumbent upon plaintiff to show the default giving it the right of re-entry. The introduction of the lease alone did not make out plaintiff's case, and a new trial was properly granted.

Order affirmed.